UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAMUEL C ARP II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02626-TWP-DLP |
| | ) |
| INDIANA STATE POLICE, | ) |
| DOUGLAS G. CARTER Superintendent, in his | ) |
| individual and official capacities, | ) |
| CHARLES SORRELLS in his individual and | ) |
| official capacities, | ) |
| TODD SMITH Major, in his individual and | ) |
| official capacities, | ) |
| MICHAEL WYLIE Captain, in his individual and | ) |
| official capacities, and | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' PARTIAL MOTION TO DISMISS**

This matter is before the Court on a Partial Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants the Indiana State Police ("ISP"), Douglas G. Carter ("Superintendent Carter"), Charles Sorrells ("Major Sorrells"), Todd Smith ("Major Smith"), and Michael Wylie ("Captain Wylie") (Superintendent Carter, Major Sorrells, Major Smith, and Captain Wylie, together, the "Individual Defendants") (the ISP and the Individual Defendants, collectively, "Defendants") ([Filing No. 8](Filing No. 8)). Plaintiff Samuel C. Arp, II ("Trooper Arp") filed this lawsuit asserting a claim under 42 U.S.C. § 1983 ("Section 1983") against the Individual Defendants, and claims under the Indiana Constitution and state law against the ISP, following his termination from the ISP and the cessation of his pension and disability benefits. For the following reasons, the Court **grants in part and denies in part** Defendants' Partial Motion to Dismiss.

I. **BACKGROUND**

The following facts are not necessarily objectively true, but, as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in favor of Trooper Arp as the non-moving party. *See Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

In 2000, Trooper Arp joined the ISP as an officer (Filing No. 7 at ¶ 17). The ISP provides its employees with pension benefits pursuant to a Pension Trust Agreement (the "Trust Agreement") and Supplemental Pension Trust Agreement (the "Supplemental Trust Agreement") (together, the "Trust Agreements"). *Id.* at ¶ 22, Exs. 1–2. Under the Trust Agreement, ISP "Employees" include disabled and nondisabled employees. *Id.* at ¶ 31. The Supplemental Trust Agreement establishes pension benefits for "Employees" disabled in the line of duty. *Id.* at ¶¶ 37–38.

In 2006, Trooper Arp was severely injured in the line of duty when he was struck by a drunk driver while on patrol and sustained extensive back injuries. (*Id.* at ¶ 18.) In 2008, the ISP classified Trooper Arp as disabled. *Id.* at ¶ 19. ISP began paying Trooper Arp disability pension benefits (the "Benefits") under the Trust Agreements. *Id.* at ¶ 48. ISP confirmed that Trooper Arp's disability prevented him from ever serving as an officer again, so he decided to obtain his bachelor's degree and attend law school. Trooper Arp had hoped to serve in the ISP's legal division, but his disability prevented him from holding such a position. *Id.* at ¶ 49–50. So after graduating from law school in 2017, he became a deputy prosecutor in Vanderburgh County, Indiana. *Id.* at ¶ 51.

Later in 2017, Trooper Arp considered running for Lawrence County Prosecutor. *Id.* at ¶ 52. Trooper Arp consulted Major Smith, who serves in the ISP's legal division, and inquired if he could run for Lawrence County Prosecutor without placing his Benefits at risk. Major Smith

2

responded that Trooper Arp could do so. *Id.* at ¶ 53. However, Major Sorrells further requested that Trooper Arp obtain an opinion from the Ethics Board and the Indiana Attorney General about whether his election as a county prosecutor would affect his Benefits. *Id.* at ¶ 54. Trooper Arp complied and obtained an opinion stating that no ethics rule or state law precluded him from simultaneously serving as the Lawrence County Prosecutor and an ISP employee. *Id.* at ¶¶ 54–55. Trooper Arp provided the ethics opinion communications to Major Sorrells, who responded that he would notify Trooper Arp if any problem arose regarding his status as an ISP employee. *Id.* at ¶ 56.

In reliance on these discussions, Trooper Arp ran for Lawrence County Prosecutor, and in November 2018, he was elected. *Id.* at ¶ 57. In December 2018, however, Major Sorrells and Captain Wylie contacted him and advised that "Regulation 6" required Trooper Arp to resign from the ISP. *Id.* at ¶ 58; Ex. 3. Trooper Arp had no previous knowledge of Regulation 6, and the regulation had not been mentioned in any of their discussions about the effects of his elected office on his Benefits. *Id.* at ¶ 59.

On December 18, 2018, Trooper Arp's counsel sent a letter to Superintendent Carter requesting a letter confirming the ISP's position regarding Trooper Arp's Benefits and his elected office. *Id.* at ¶ 62, Ex. 3. Trooper Arp received no response, so on December 27, 2018, his counsel mailed a second letter to Superintendent Carter repeating his request. *Id.* at ¶¶ 63–64, Ex. 4. Superintendent Carter did not respond to the December 27, 2018 letter, either. *Id.* at ¶ 65.

On January 8, 2019, Major Sorrells responded to Trooper Arp's December 27, 2018 letter. In that letter, Major Sorrells referred to "the email [he] sent [Trooper Arp] on December 31, 2018 …. that if [Trooper Arp's] resignation was not received prior to midnight December 31, 2018 … [ISP] would assume [Trooper Arp] resigned … and process accordingly". *Id.* at Ex. 6. Major

3

Sorrells then confirmed he had not received Trooper Arp's resignation by December 31, 2018, so ISP assumed Trooper Arp had already resigned, and ISP had terminated Trooper Arp's insurance benefits effective December 31, 2018, and would be terminating his remaining Benefits (except his medical expense benefit) as of December 31, 2018. *Id.* at ¶¶ 66–67; Ex. 6. The ISP did not provide Trooper Arp with written charges supporting his termination, and the ISP did not afford Trooper Arp an opportunity to respond to or seek review of ISP's decision. *Id.* at ¶ 68.

In September 2019, Trooper Arp's counsel sent a third letter to Superintendent Carter, copying Major Sorrells and Major Smith, providing notice of his claims against the ISP. *Id.* at ¶ 69. Trooper Arp also requested that the ISP reinstate his Benefits, remit back-payment of Benefits owed since January 1, 2019, and credit him with ongoing service to the ISP under the Trust Agreements. *Id.* at ¶ 70. Major Sorrells responded to the letter on October 4, 2019, stating that ISP considered Trooper Arp to have resigned "due to accepting elected office as the Lawrence County Prosecutor" and that Trooper Arp "is precluded by law from being an ISP employee while serving to [sic] a full-time elected position." *Id.* at Ex. 6. Major Sorrells also provided copies of Regulation 6 and Indiana Code § 10-11-2-12. *Id.* The October 4, 2019 letter did not provide any further written support for the ISP's decision or opportunity to contest it. *Id.* at ¶ 74, Ex. 6.

Trooper Arp initiated this action in the Marion Superior Court on November 27, 2019 ([Filing No. 1-2 at 2](Filing No. 1-2 at 2)). Trooper Arp's original Complaint asserted various state law claims and a Section 1983 claim against only the ISP. *Id.* at 24–29. In January 2020, the ISP moved to dismiss Trooper Arp's Complaint, arguing in part that the ISP was not a suable "person" under Section 1983. *Id.* at 167–68. In his response, Trooper Arp conceded that his Section 1983 claim "is properly asserted against individual ISP employees in their official capacities, rather than against

4

ISP, and stipulated to the dismissal of that count without prejudice". *Id.* at 567, fn 1.  The state court otherwise denied the ISP's motion to dismiss on January 21, 2021.  *Id.* at 575.

On June 10, 2021, ISP and Trooper Arp moved for entry of a Joint Case Management Order, which the state court approved the same day.  *Id.* at 245–54.  The Joint Case Management Order provided that all motions for leave to amend the pleadings or join additional parties would be filed by September 1, 2021.  *Id.* at 247.  On September 1, 2021, Trooper Arp moved for leave to amend his complaint to add the Individual Defendants and assert his Section 1983 claim against them.  *Id.* at 276.  The ISP notified the state court that it did not oppose Trooper Arp's motion for leave to amend, but noted it did not waive "any defenses it may interpose in response to … the Amended Complaint once filed."  *Id.* at 590.  On September 8, 2021, the state court granted Trooper Arp's motion for leave, and the next week, Trooper Arp served his Amended Complaint.  *Id.* at 275.

On October 13, 2021, Defendants removed this action to this court on the basis of the federal question jurisdiction created by Trooper Arp's Section 1983 claim ([Filing No. 1 at ¶ 10](#)).  Two days later, Defendants filed the instant Partial Motion to Dismiss Trooper Arp's Section 1983 claim, citing expiration of the statute of limitations and failure to state a claim ([Filing No. 8](#)).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff.  *Bielanski*, 550 F.3d at 633.  However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact."  *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court held that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.   DISCUSSION

Defendants move to dismiss Trooper Arp's Section 1983 claim for two reasons. First, they argue his Section 1983 claim is barred by the applicable two-year statute of limitations. Second, they argue Trooper Arp has failed to sufficiently allege his claim against the Individual Defendants. Trooper Arp responds that his Amended Complaint relates back to his initial complaint under Federal Rule of Civil Procedure 15 and is therefore timely, and that he has adequately described each Individual Defendant's involvement in the alleged deprivation of his constitutional rights. The Court will address each argument in turn.

A.       **Whether Trooper Arp's Claim is Barred by the Statute of Limitations**

Defendants argue Trooper Arp's Section 1983 claim is subject to a two-year statute of limitations that expired on December 31, 2020—two years after his termination from the ISP. Defendants' position is well-supported by controlling caselaw and is not disputed by Trooper Arp. Indiana's two-year statute of limitations for personal injury actions applies to Section 1983 claims. *See Behav. Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926 (7th Cir. 2005); *Lawshe v. Simpson*, 16 F.3d 1475, 1480 (7th Cir. 1994) ("[A] claim for deprivation of public employment without due process accrues on . . . the actual termination of employment."). The ISP terminated Trooper Arp effective December 31, 2018, so the statute of limitations for his Section 1983 claim expired on December 31, 2020.

Trooper Arp asserts his Amended Complaint, served September 14, 2020, is timely because it relates back to his original November 27, 2019 Complaint (Filing No. 11 at 10–11). Federal Rule of Civil Procedure 15(c)(1) states:

>  (1)      An amendment to a pleading relates back to the original pleading when:
>
>  (A)   the law provides the applicable statute of limitations allows relation back;
>
>  (B)   the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
>  (C)   the amendment charges the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>  (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>  (ii)   knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).  The Supreme Court of the United States has described the purpose of the relation back doctrine as "balanc[ing] the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rule of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."  *Id.* at 550; *Woods v. Ind. Univ.— Purdue Univ. at Indianapolis*, 996 F.2d 880, 882–83 (7th Cir. 1993) ("[T]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and affect the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

Trooper Arp argues his Amended Complaint relates back under Rule 15(c)(1)(C).  Rule 15(c)(1)(C) will apply if:  (1) Trooper Arp asserts a claim that arose out of the same conduct alleged in the original Complaint; (2) the Individual Defendants received notice of the action and will not be prejudiced in defending on the merits; and (3) the Individual Defendants knew or should have known that the action would have been brought against them but for a mistake by Trooper Arp about the proper party's identity.  Fed. R. Civ. P. 15(c)(1)(C).  The first requirement—that Trooper Arp's Amended Complaint arises out of the same conduct alleged in his original Complaint—is clearly satisfied.  The Section 1983 claim asserted in Trooper Arp's original Complaint is nearly identical to the one asserted in his Amended Complaint.  Defendants dispute only the second and third requirements.  (Filing No. 9 at 5–8.)

The second requirement is that, within the period for service under Federal Rule of Civil Procedure 4(m), the new party receive "such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i).  Rule 15(c)(1)(C) "incorporates not only Rule 4(m)'s [period] for service of process, but also any extension of time for good cause." *Keller*

8

*v. United States*, 444 F. App'x 909, 911 (7th Cir. 2011) (citing Fed. R. Civ. P. 15(c) advisory committee's note to 1991 amendment); Fed. R. Civ. P. 4(m).

The Court finds that there is good cause for an extension of the Rule 4(m) deadline here. The Seventh Circuit has "previously observed that allowing an amendment normally constitutes a finding of good cause for an extension." *Keller*, 444 F. App'x at 913. In this case, Trooper Arp moved for leave to amend his Complaint on September 1, 2021, pursuant to the parties' Joint Case Management Order and without objection from the ISP. "In short, [Trooper Arp] believed he had done all the court [and Defendants] required of him." The state court granted Trooper Arp's motion for leave to amend, and that order constitutes good cause to extend Trooper Arp's Rule 4(m) deadline. *Keller*, 444 F. App'x at 914.

In addition to receiving formal service of Trooper Arp's claim in September 2019, the Individual Defendants received informal notice of Trooper Arp's claim in February 2020, when Trooper Arp filed his response to the ISP's motion to dismiss, stating he intended to reassert his Section 1983 claim against individual ISP employees (Filing No. 1-2 at 185); *Krupski v. Costa Crociere S. p.A.*, 560 U.S. 538, 554 n.5 (2010) (finding "the notice need not be formal"). Each of the Individual Defendants was named in the original Complaint, giving them sufficient notice that they would be named in Trooper Arp's Amended Complaint.

Defendants argue they will be prejudiced because "approximately four years have passed since the allegations of the complaint occurred, and their memories have faded." (Filing No. 9 at 7-8.) But the mere fact that the Individual Defendants' memories may have faded over the last few years is not enough to establish prejudice, particularly in a case like this one, which involves relatively little verbal communication, and largely centers on written correspondence and questions of textual interpretation. *See, e.g.*, *Brooks v. Avancez*, No. 19-cv-515, 2020 WL

9

13092523, at *3 (N.D. Ind. Nov. 3, 2020) ("[T]here mere fact that potential witnesses may be more difficult to track down, by itself, is not enough to constitute undue prejudice" under Rule 15); *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("It is undoubtedly true, as many courts have observed, that with age and the passage of time, memories may fade and witnesses may become unavailable. Without more, however, these assertions here are not sufficient to justify a conclusion of undue prejudice."); *see also United States v. Hagler*, 700 F.3d 1091, 1199 (7th Cir. 2012) (finding the fact that witnesses' memories had faded over the ten years since the charged crime occurred was insufficient to show prejudice under the Due Process Clause). The Individual Defendants are still able to file summary judgment, engage in discovery, and may challenge the merits of Trooper Arp's Section 1983 claim.[1]

The third requirement of Rule 15(c)(1)(C) is that within the Rule 4(m) period, the Individual Defendants knew or should have known that Trooper Arp's Section 1983 claim would have been brought against them "but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). "Mistakes" under Rule 15(c)(1)(C) fall into three broad categories. The first type of mistake occurs when the plaintiff misstates the proper defendant's name. *See Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011). The second type occurs when the plaintiff either fails to name the proper defendant or names an incorrect defendant because the plaintiff does not know the correct defendant's identity. *See Herrera v. Cleveland*, 8 F.4th 493, 496 (7th Cir. 2021). The third type of mistake occurs when the plaintiff names an incorrect plaintiff because of a mistake of law, "such as when the underlying claim has not changed

---

[1] The current discovery and dispositive motions deadlines have passed, but on August 18, 2022, the Magistrate Judge conducted a telephonic discovery conference with the parties and ordered them to submit a joint motion extending the discovery and dispositive motions deadlines in this matter (Filing No. 47). The Individual Defendants will therefore have additional time to conduct discovery and file dispositive motions.

but the legally responsible institutional or individual party has been mistakenly identified." *Hegwood-Metcalf v. Truex*, No. 09-CV-453, 2011 WL 1636262, at *4 (N.D. Ind. Apr. 28, 2011).

Defendants argue Trooper Arp made the second type of mistake by deliberately failing to name the Individual Defendants. (Filing No. 9 at 7.) In response, Trooper Arp argues that he made the third type of mistake and that his Amended Complaint merely "corrects a legal mistake" regarding the proper defendant to a Section 1983 claim. The Court agrees with Trooper Arp. Although he "deliberately" only named the ISP in his original Complaint, the Seventh Circuit recently held that "[a] plaintiff's 'deliberate but mistaken choice' . . . does not entirely foreclose an amendment from relating back under Rule 15(c)(1)(C)." *Herrera*, 8 F.4th at 498 (quoting *Krupski*, 560 U.S. at 549).

In *Woods v. Indiana University—Purdue University at Indianapolis*, 996 F.2d 880 (7th Cir. 1993), the Seventh Circuit explained that a plaintiff's mistake in suing a state agency rather than its employees is a mistake of law that permits relation back under Rule 15(c)(1)(C). 996 F.2d at 887. The Seventh Circuit has since reaffirmed that "'a legal mistake concerning whether to sue an institutional or individual defendant brings the amendment within the purview of Rule 15.'" *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) (quoting *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 557 (7th Cir. 1996) (allowing amendment to substitute United States for federal prison employees). Trooper Arp made that mistake here. Trooper Arp plainly knew the Individual Defendants' identities at the time he filed his original Complaint, as shown by the Complaint's allegations, yet he mistakenly believed that the ISP was the proper party under Section 1983. That type of mistake falls within Rule 15(c)(1)(C).

Defendants note that Trooper Arp realized he could only assert his Section 1983 claim against the Individual Defendants by February 2020, within the statute of limitations period, yet

11

waited until September 2021 to amend his Complaint. Defendants contend this "extreme" delay can be explained only by a strategic choice to not name the Individual Defendants and abandon the Section 1983 claim, and not a "mistake". (Filing No. 13 at 4.) The Court disagrees. There is no indication that Trooper Arp deliberately chose to sue only the ISP, which is entitled to sovereign immunity against Section 1983 claims, and/or forego his Section 1983 claim altogether. The Court does not see, and Defendants do not identify, any "strategic" benefit to such a choice. (Filing No. 13 at 4.)[2] Additionally, Trooper Arp's delay is detailed by the parties' Joint Case Management Order. In the Order, the parties agreed to file any motions to amend the pleadings or add parties by September 1, 2021. Trooper Arp moved for leave to amend within that period, and, without objection from the ISP, the state court granted Trooper Arp's motion. Trooper Arp's decision to wait until September 1, 2021, to amend his Complaint, though imprudent, is neither inexplicable nor indicative of a strategic choice not to sue the Individual Defendants.

And even despite Trooper Arp's delay, the Individual Defendants either knew or should have known when Arp filed his original Complaint that they would have been the defendants to Trooper Arp's Section 1983 claim but for his counsel's mistake. *Krupski*, 560 U.S. at 548 ("Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing of [the] original

---

[2] Defendants compare Arp's delay in substituting the Individual Defendants for the ISP to a plaintiff's decision to use a "John Doe placeholder" in a complaint (Filing No. 13 at 4); *Olsen v. Marshall v. Ilsley Corp.*, No. 99-C-0774-C, 2000 WL 34230095, at *3 (W.D. Wis. July 10, 2000) (citing *Wothington v. Wilson*, 8 F.3d 1253, 1258 (7th Cir. 1993) (finding choice to sue "unknown police officers" because statute of limitations was about to expire but plaintiff could not identify responsible officers "due to a lack of knowledge as to their identity, and not a mistake in their names" is not a mistake under Rule 15(c)). But unlike plaintiffs in "John Doe" cases, who do not know the identifies of the proper parties by the time the statute of limitations expires, Arp knew the Individual Defendants' identities when he filed his Complaint and described each of their alleged involvements in the Complaint. This case is therefore not comparable to a "John Doe" case.

complaint." (emphasis in original)).  As the Seventh Circuit has clarified, all state employees should know that they, and not their employers, are the proper defendants to Section 1983 claims:

> [A]ll public officials are presumed to know clearly established law, whether or not they have in fact ever cracked a law book. Here there can be no doubt that every state's sovereign immunity from, and all state employees' personal exposure to, Section 1983 liability for constitutional torts [is] clearly established . . . . And thus the objective question—what the omitted defendants "should have known" about whether they would have been named to begin with but for the mistake by [the plaintiff's] lawyer . . . permits only one answer.

*Woods*, 996 F.2d at 887. Trooper Arp's response to the ISP's motion to dismiss his original Complaint only served to reinforce that notice.

Trooper Arp's Amended Complaint relates back to his original Complaint under Rule 15(c)(1)(C), and his Section 1983 claim is not barred by the statute of limitations.

**B.    Whether Trooper Arp Has Sufficiently Stated a Claim Against the Individual Defendants**

Defendants argue that even if Trooper Arp's claim is timely, it fails to adequately state a claim against the Individual Defendants.  Individual liability under Section 1983 is "predicated upon fault.  An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) (emphasis in original).  To hold an individual liable under Section 1983, a plaintiff must satisfy two "essential elements".  *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022).  "First the challenged conduct must have been 'committed by a person acting under color of state law'—a requirement coming directly from § 1983's test.  Second, the state actor's conduct must have deprived the plaintiff of 'rights, privileges, or immunities secured by the Constitution' or federal law." *Id.* (quoting *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994)).

Defendants challenge the second element, contending that Trooper Arp has failed to sufficiently allege that any of the Individual Defendants caused or participated in his termination

13

in violation of his Fourteenth Amendment rights (Filing No. 7 at ¶ 111). The Court will address Trooper Arp's allegations against each Individual Defendant in turn.

As to Major Sorrells, Defendants argue the Amended Complaint fails to state Major Sorrells (or any other Individual Defendant) made the decision to terminate Trooper Arp. But direct participation by a defendant is not necessary to establish individual liability under Section 1983. *See Conner v. Reinhard*, 847 F.2d 384, 396 (7th Cir. 1988). An official may be held liable for "causing" the alleged deprivation. "The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or should reasonably have known would cause others to deprive the plaintiff of [his] constitutional rights." *Id.* at 397.

Here, Major Sorrells' alleged communications with Trooper Arp regarding Trooper Arp's "resignation" are sufficient to allege individual liability under Section 1983. According to the Amended Complaint, Major Sorrells notified Trooper Arp in December 2018 that Regulation 6 required Trooper Arp to resign from the ISP. (Filing No. 7 at ¶ 58.) Major Sorrells then emailed Trooper Arp on December 31, 2018, stating that "if [Trooper Arp's] resignation was not received prior to midnight December 31, 2018 . . . [the ISP] would assume [Trooper Arp had] resigned". (Filing No. 7 at ¶ 58, Ex. 6.) Major Sorrells also stated in a January 8, 2019 letter that the ISP had assumed Trooper Arp had resigned and either had terminated or would be terminating Trooper Arp's Benefits effective December 31, 2018. In other words, Major Sorrells identified the grounds for Trooper Arp's termination and then told Trooper Arp that he was going to be terminated effective December 31, 2018, without a hearing or opportunity to contest the decision. *Kodrea v. City of Kokomo, Inc.*, 458 F. Supp. 2d 857, 873 (S.D. Ind. 2006) (concluding plaintiff adequately alleged Section 1983 claim against employee who recommended plaintiff's termination to decision-maker, completed plaintiff's performance appraisal with decision-maker, and "gave

14

[plaintiff] the ultimatum to resign or be fired").  Taking Trooper Arp's allegations in the light most favorable to him, the Court finds Trooper Arp has plausibly alleged that Major Sorrells either participated in or "set in motion" the decision to terminate Trooper Arp in violation of his Fourteenth Amendment rights.

Trooper Arp has also plausibly alleged a claim against Superintendent Carter, but for a different reason.  Under Section 1983, supervisory liability may attach if a supervisor facilitates, condones, approves, or turns a blind eye to the violative conduct, even if he did not participate in the conduct.  *See Nanda v. Moss*, 412 F.3d 836, 842 (7th Cir. 2005) ("[S]upervisory liability can be established if the conduct causing the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent."). Trooper Arp alleges that Superintendent Carter received two letters notifying him of Trooper Arp's impending, unlawful termination yet refused to take any action to prevent it.  Because Superintendent Carter serves a supervisory role, the allegations that he "turned a blind eye" to Trooper Arp's termination is sufficient to plausibly state a Section 1983 against him.  *See Zeyadeh v. Dart*, No. 21 C 2129, 2022 WL 103706, at *2 (N.D. Ill. Jan. 10, 2022) ("Zeyadeh alleges that Dart knew of Zeyadeh's intentions to run for Sheriff and personally orchestrated Zeyaheh's transfer … in retaliation for that candidacy…. [W]ith his allegations that his transfer order came from 'upstairs,' coupled with Dart's statements regarding transferring or firing Sheriff Office employees who did not fall in line, at this stage of the pleadings, the complaint allows for the reasonable inference that Dart either had knowledge of the transfer and approved it or turned a blind eye towards it."); *Catlett v. Peters*, 32 F. Supp. 2d 1010, 1013 (N.D. Ill. 1998) ("[H]e alleges that the supervisory officials named in the complaint either participated in or had knowledge of and failed to prevent his allegedly inadequate post-termination hearing.  Since a claim that the defendant supervisors 'kn[e]w about the conduct

and facilitate[d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye,' is consistent with Catlett's allegations, his complaint survives the motion to dismiss." (alterations in original)).

Trooper Arp's claim against Captain Wylie, however, does not satisfy Rule 8(a)'s threshold requirements.  Trooper Arp alleges that in December 2018, Captain Wylie notified Trooper Arp of Regulation 6 and stated the regulation required Trooper Arp's resignation (Filing No. 7 at ¶ 58), but Captain Wylie's alleged involvement ends there (Filing No. 7 at Ex. 3).  Captain Wylie is not alleged to have had any further correspondence with Trooper Arp or anyone else regarding Regulation 6 or Trooper Arp's "resignation" and, unlike Major Sorrells, at no point forced Trooper Arp to choose between resigning voluntarily and being deemed to have resigned. *See Kodrea, Inc.*, 458 F. Supp. 2d at 873.  Trooper Arp's limited allegations against Captain Wylie, at most, show Captain Wylie was aware of the ISP's reason for terminating Trooper Arp.  They do not permit a reasonable inference that Captain Wylie caused or participated in the ISP's decision to terminate Trooper Arp.  Defendants' Partial Motion to Dismiss is therefore **granted** as to Captain Wylie.

Trooper Arp's allegations against Major Smith are likewise insufficient. Trooper Arp alleges that Major Smith advised Trooper Arp that he could run for Lawrence County Prosecutor without jeopardizing his Benefits, and that Trooper Arp relied on that advice in running for Lawrence County Prosecutor.  (Filing No. 7 at ¶ 53.)  Major Smith is not alleged to have directly participated in Trooper Arp's termination, and the Amended Complaint does not permit a reasonable inference that Major Smith "set in motion a series of events that [he] knew or should reasonably have known would cause others to deprive [Trooper Arp] of [his] constitutional rights." *Id.* at 397.  Major Smith could not have known or reasonably have been expected to know that by advising Trooper Arp he could lawfully run for Lawrence County Prosecutor, Trooper Arp would

ultimately decide to run for Lawrence County Prosecutor, be elected, accept the position, and be unlawfully terminated from the ISP for serving as Lawrence County Prosecutor.[3] The connection between Major Smith's advice and Trooper Arp's termination is too tenuous to sustain a Section 1983 claim. Major Smith's correspondence with Trooper Arp's counsel in 2019 likewise does not show Major Smith caused or participated in Trooper Arp's termination. Major Smith did not receive or respond to any correspondence from Trooper Arp or his counsel until several months after Trooper Arp's termination, and Major Smith's October 4, 2019 letter to Trooper Arp's counsel only explains the purported reason for Trooper Arp's termination. It does not contain any statements from which the Court could infer Major Smith participated in the termination. (Filing No. 7 at ¶ 72, Ex. 6.) Defendants' Partial Motion to Dismiss is therefore **granted** as to Major Smith.

Defendants additionally argue Trooper Arp's Section 1983 claim should be dismissed against the Individual Defendants in their official capacities because they are not suable "persons" under Section 1983. As Trooper Arp concedes, Defendants are correct with respect to Section 1983 claims for compensatory and punitive damages. The Eleventh Amendment generally immunizes state employees from liability. *See Peirick*, 510 F.3d at 695. Section 1983 does not waive that immunity because Section 1983 only permits claims against "persons," and states, state agencies, and their employees are not "persons". *Will v. Mich. Dep't of Sate Police*, 491 U.S. 58, 71 (1989).

However, the Supreme Court created a limited exception to state employees' sovereign immunity in *Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, a plaintiff may sue a

---

[3] Notably, Major Smith is not alleged to have advised Trooper Arp that he could *serve* as the Lawrence County Prosecutor without affecting his benefits, and Trooper Arp's dual employment—not his campaigning—was the alleged reason for his termination. (Filing No. 7 at ¶ 53, Exs. 3, 5–6.)

state official under Section 1983 for prospective injunctive relief to remedy ongoing violations of federal law. *Id.* at 159–60. "[A] suit for prospective injunctive relief is not deemed a suit against the state and thus not barred by the Eleventh Amendment." *Kashani v. Purdue Univ.*, 813 F.2d 843, 848 (7th Cir. 1987). Trooper Arp seeks appropriate equitable relief under *Ex parte Young*, including his reinstatement as an ISP employee. *See, e.g.*, *Elliott v. Hinds*, 786 F.2d 298, 302 (7th Cir. 1986) (finding reinstatement of pharmacist is proper equitable relief under *Ex parte Young*). Trooper Arp's claim for prospective equitable relief against the Individual Defendants in their official capacities may therefore proceed. But Defendants' Partial Motion to Dismiss is **granted** as to Trooper Arp's Section 1983 claim for compensatory or punitive damages against the Individual Defendants in their official capacities.

### IV.     CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Defendants' Partial Motion to Dismiss (Filing No. 8). Trooper Arp's claim for compensatory or punitive damages under Section 1983 against the Individual Defendants in their official capacities is **DISMISSED with prejudice**.

Trooper Arp's Section 1983 claim as to Major Smith and Captain Wylie is **DISMISSED without prejudice**. Because Trooper Arp's Section 1983 claim against the Individual Defendants was first asserted in his Amended Complaint and its sufficiency was not previously litigated, if it is not futile, Trooper Arp is granted leave to file a second amended complaint within **fourteen (14) days** from the date of this Order.[4] If Trooper Arp does not file a second amended complaint within

---

[4] *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim." (quotation and citation omitted)).

that time or is unable to overcome the deficiencies identified above, then the Section 1983 claim as to Major Smith and Captain Wylie will be dismissed with prejudice.

Defendants' Partial Motion to Dismiss is **DENIED** as to Trooper Arp's Section 1983 claim against Superintendent Carter and Major Sorrells in their individual capacities and as to Trooper Arp's requests for prospective equitable relief under Section 1983 against Superintendent Carter and Major Sorrells in their official capacities.

**SO ORDERED**.

Date: 8/29/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Anthony Scott Chinn
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
scott.chinn@faegredrinker.com

Liam Williams
Faegre Drinker Biddle & Reath LLP
liam.williams@faegredrinker.com

Stephanie L. Gutwein
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
stephanie.gutwein@faegredrinker.com

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov